# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

STEPHEN K. MAKANANI,      )    CIV. NO. 19-00546 JAO-RT
#A3007102,                  )
                               )    ORDER DISMISSING COMPLAINT
        Plaintiff,          )    WITH LEAVE TO AMEND AND
                               )    ORDER TO SHOW CAUSE
      vs.                       )
                               )
NEAL WAGUTSUMA, et al.,     )
                               )
        Defendants.       )
_____ )

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND ORDER TO SHOW CAUSE

Before the Court is pro se Plaintiff Stephen K. Makanani's ("Makanani['s]")

Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983. ECF No.

1 (Compl.). Makanani alleges that Defendants[1] violated his constitutional rights

as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments during a

prison misconduct proceeding and the later institution of criminal charges against

him.[2] *See* Compl., ECF No. 1 at 5–7;[3] Supp. to Compl., ECF No. 1-1 at 2–3.

---

[1] Makanani names State of Hawaiʻi Department of Public Safety ("DPS") Director Nolan Espinda; Kauai Community Correctional Center ("KCCC") Warden Neal Wagutsuma, Lieutenant Harry Victarino, Counselor Jerry Jona, and Sergeant Mark Fujiuchi (collectively, "KCCC Defendants"); and County of Kauai Prosecuting Attorney Justin Kollar (misspelled by Makanani as "Kohlar") ("Prosecutor Kollar") and Mayor Derek Kawakami.

[2] Makanani was incarcerated at KCCC from January 11, 2017 to August 29, 2019, when he was transferred to Halawa Correctional Facility ("HCF"). He filed this action on October 3, 2019,

(continued...)

For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(a) for Makanani's failure to state a colorable claim for relief. Should Makanani file an amended complaint, he is also ORDERED TO SHOW CAUSE why the Court should not abstain from adjudicating his claims against Kauai County Prosecutor Kollar.

## I. **STATUTORY SCREENING**

The Court is required to screen all civil prisoner pleadings that "seek[] redress from a governmental entity[,] officer[,] or employee[.]"  28 U.S.C. § 1915A(a).[4]  Claims or complaints that are frivolous or malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791

---

[2](...continued)
when he placed the Complaint in the prison mail system.  *See* ECF No. 1-2 (mailing documentation).

[3]  The Court refers to the pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files system ("CM/ECF").

[4]  Section 1915A(a) applies for screening purposes because Makanani paid the civil filing fee. *See* ECF No. 1.

F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it requires factual allegations sufficient "to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). "All that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>

Makanani claims that Defendants violated his rights by "conducting a coer[c]ed administration investigation . . . without a warr[a]nt or sub[p]oena turned it over to prosecution and testif[i]ed in open court." Supp. to Compl., ECF No. 1-1 at 1. Specifically, he alleges that KCCC Defendants threatened to transfer him to HCF during misconduct proceedings regarding an alleged sexual assault that occurred while Makanani was on furlough from KCCC, searched for evidence

"outside of the prison facilities," failed to warn him against self-incrimination as allegedly required by *Miranda v. Arizona*, 384 U.S. 436 (1966),[5] denied him counsel, and conspired with Prosecutor Kollar to label him a sex offender. Compl., ECF No. 1 at 5–7.

During the misconduct proceedings at KCCC, Makanani admitted that he had *consensual* sex with a woman while on a prison furlough and was found guilty of a prison infraction. As a result, Makanani's institutional "points" were increased, he lost his job, was removed from the KCCC Lifetime Stand Program,[6] and was transferred to HCF. Makanani claims this subjected him to "atypical and signi[fi]cant hardship in relation to everyday life in prison." *Id.* at 7. He also claims that Warden Wagutsuma discriminated against him by informing the Lifetime Stand Program about his prison misconduct violation.

Makanani next claims that Prosecutor Kollar discriminated against him by speaking to the news media about Makanani's alleged involvement in the sexual

---

[5] *Miranda* holds that law enforcement officers must warn individuals "taken into custody or otherwise deprived of [their] freedom of action in any significant way" that they have the right to remain silent, that any statements they make may be used against them, and that they have a right to an attorney, retained or appointed, before questioning. 384 U.S. at 444 (footnote omitted).

[6] "KCCC offers sentenced felons an opportunity to participate in its Lifetime Stand Program, which provides a structured, paramilitary regimen of marching, drill exercises, physical training, education, and community outreach." State of Hawai'i Dep't of Public Safety, Kauai Community Correctional Center, https://dps.hawaii.gov/kccc (last visited Dec. 5, 2019).

assault before Makanani's arrest. Makanani alleges this denied him a fair trial. *See id.* at 6; *see also* Supp. to Compl., ECF No. 1-1 at 3 ("How can I have a right to a fare [sic] trial when the prosecutor talk to the media [n]ews [r]adieo [sic] station and news paper [sic] about this crime before I was arrested[?]").

Makanani seeks use immunity for statements that he made at the prison misconduct hearing to preclude their use in his criminal prosecution,[7] declaratory and injunctive relief, and compensatory and punitive damages.

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires an actual connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to

---

[7] The Court takes judicial notice of Makanani's criminal prosecution in *State v. Makanani*, 5CPC-19-0000182 (Haw. 5th Cir.), for which trial is scheduled for March 30, 2020 and he has court-appointed counsel. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating court may take judicial notice "of court filings and other matters of public record"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); Fed. R. Evid. 201.

the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). A plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct, and an affirmative link between that injury and the alleged violation of his rights.

## A.    Claims against Director Espinda and Mayor Kawakami

Supervisory officials are not liable under § 1983 for the actions of their subordinates "on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted). However, "a prison official in a supervisory position may be held liable under § 1983 if he was personally involved in the constitutional deprivation or a sufficient causal connection exists between his unlawful conduct and the constitutional violation." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citation omitted). A causal connection can be shown through the supervisor's: (1) own culpable action or inaction in the training, supervision, or control of subordinates; (2) acquiescence in the constitutional deprivation about which a complaint is made; or (3) conduct that showed a reckless or callous indifference to the rights of others.

7

*See id.*; *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012). Liability may also be imposed "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks and citation omitted); *see Crowley*, 734 F.3d at 977.

Makanani alleges no personal action or inaction by Director Espinda or Mayor Kawakami connecting them to his claims or to any violation of his constitutional rights. Nothing in the Complaint suggests that Mayor Kawakami has a supervisory role over inmates housed at KCCC, which is operated by DPS. And, Makanani alleges no facts showing that Director Espinda was aware of or personally involved with Makanani's misconduct proceedings, failed to adequately train or supervise his subordinates, or implemented a constitutionally deficient policy that caused the alleged constitutional violations.

Makanani fails to state a colorable claim for relief against Director Espinda or Mayor Kawakami and his claims against them are DISMISSED with leave to amend.

## B.    Eighth Amendment

Makanani broadly alleges that this action arises under "rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution." Supp.

to the Compl., ECF No. 1-1 at 2.  To state a claim under the Eighth Amendment, a prisoner must satisfy two elements: (1) "the deprivation must be, objectively, sufficiently serious;" and (2) "prison official[s] must have a sufficiently culpable state of mind," that is, "one of deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety.  *See id.* at 837.

Makanani alleges that he lost his job, was removed from the Lifetime Stand Program, and was transferred to HCF.  He alleges no facts showing that KCCC Defendants acted with deliberate indifference to any objectively serious, known risk to his health or safety when they sanctioned him and transferred him to HCF.  Similarly, nothing within the Complaint suggests that Prosecutor Kollar violated the Eighth Amendment.  Makanani's Eighth Amendment claim is DISMISSED with leave to amend.

## C.    Equal Protection

Makanani alleges that Warden Wagutsuma and Prosecutor Kollar discriminated against him as a "class of 1," when Wagutsuma informed the Lifetime Stand Program that he had been found guilty of a misconduct charge, and Kollar spoke publicly about Makanani's alleged involvement in a sexual assault

before his arrest. Compl., ECF No. 1 at 6 (Count II).

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against an individual based on his or her membership in a protected class. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee*, 250 F.3d at 686. Makanani alleges no facts showing that Defendants Wagutsuma and Kollar discriminated against him because he is a member of a protected class.

An equal protection claim can also be stated by a showing that defendants intentionally treated similarly situated individuals differently without a rational relationship to a legitimate state purpose. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Makanani alleges no facts showing that Wagutsuma treated him differently than any other similarly situated inmate—that is, another inmate who was sanctioned for an apparently serious prison misconduct violation—when

Wagutsuma told the Lifetime Stand Program that Makanani violated a prison regulation or rule.[8]

Similarly, Makanani alleges no facts showing that Kollar treated him differently than other individuals who are suspected of committing a crime but not yet arrested, whether incarcerated or not, when Kollar allegedly discussed Makanani's possible involvement in the alleged sexual assault with the press.

Makanani's equal protection claims against Warden Wagutsuma and Prosecutor Kollar are DISMISSED for failure to state a colorable claim for relief, with leave granted to amend.

## D. Due Process

Makanani broadly alleges that KCCC Defendants deprived him of due process under the Fifth,[9] Sixth, and Fourteenth Amendments, when they questioned him during his misconduct proceedings without providing him

---

[8] Makanani had no constitutional right to participate in the Lifetime Stand Program. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (depriving prisoner of rehabilitation and educational programs does not violate Eighth Amendment); *Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985) (finding no property interest in prison educational programs); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) ("[T]here is no constitutional right to rehabilitation." (footnote and citations omitted)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). He also became ineligible to participate in the program when he left KCCC. *See supra* note 6.

[9] To the extent Makanani alleges a due process claim under the Fifth Amendment, that claim fails because Defendants are alleged to be state, not federal, actors. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (holding the Due Process Clause of the Fifth Amendment only applies to actions of the federal government) (citations omitted).

*Miranda* warnings or the assistance of counsel.

The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Liberty interests can arise directly from the Constitution or from state law. *See, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the prison context, liberty interests are "generally limited to freedom from restraint [that] . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted); *accord Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

If a liberty (or property) interest is adequately alleged, the minimum procedural requirements for prison disciplinary proceedings are: (1) written notice of the charges at least 24 hours before the hearing; (2) an impartial hearing body; (3) the right to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; (4) assistance from another inmate

or staff if the prisoner is illiterate or the issues complex; and (5) a written statement of the evidence relied on and reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (holding a finding of guilt must be supported by "some evidence in the record"); *Serrano v. Francis*, 345 F.3d 1071, 1077–78 (9th Cir. 2003).

### 1. Makanani's Status

Makanani does not say whether he was a convicted inmate or a pretrial detainee when the prison misconduct investigation and proceedings took place. It appears that he was a convicted, sentenced inmate, however, because he alleges that he was removed from the Lifetime Stand Program, which is reserved for sentenced felons housed at KCCC. *See supra* note 6.[10] As a sentenced inmate, Makanani's right to procedural protections depends on whether the discipline he

---

[10] If Makanani was a pretrial detainee, he has "a substantive due process right against restrictions that amount to punishment," and therefore, he had a right to procedural protections before any discipline was imposed. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (citations omitted); *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (holding Fourteenth Amendment protects pretrial detainees from punishment prior to an adjudication of guilt); *see also Shorter v. Baca*, 895 F.3d 1176, 1190 (9th Cir. 2018) (holding pretrial detainees have right to procedural due process before they are subjected to more severe conditions of confinement than other detainees). He may clarify his status in an amended pleading. Prison officials may impose restrictions on a pretrial detainee *after* due process is afforded, if these restrictions "are 'but an incident of some other legitimate government purpose.'" *Valdez*, 302 F.3d at 1045 (citation omitted).

received increased his sentence beyond the term imposed by his conviction, or subjected him to atypical or significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 480, 485–86; *see also Keenan v. Hall*, 83 F.3d 1083, 1088–89 (9th Cir. 1996).

### 2. No Liberty Interests Alleged

Makanani does not allege that his misconduct proceedings and sanction extended his term of sentence; instead, he alleges that he lost his job, was removed from the Lifetime Stand Program, and was transferred to HCF. Regardless of whether he was a pretrial detainee or a sentenced prisoner, Makanani had no direct liberty interest in remaining at KCCC, retaining a prison job, or participating in the Lifetime Stand Program. *See Chapman*, 452 U.S. at 348 (holding prisoners have no constitutional right to rehabilitative or educational programs); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding no liberty interest in particular classification status or rehabilitation); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (holding prisoners have no right to remain in prison of choice or prevent a transfer); *Dawson*, 778 F.2d at 530.

Additionally, Makanani alleges no facts showing that his transfer to HCF imposed atypical and significant hardship in relation to everyday life in prison, beyond the loss of his job and removal from the Lifetime Stand Program. Thus,

Makanani fails to plausibly allege that he had a Constitutional or state-created liberty interest that entitled him to *any* procedural protections.

### 3.     Procedural Protections

Assuming that Makanani can amend his pleadings to show that he was entitled to procedural protections, either as a pretrial detainee subject to punishment or as a convicted prisoner who was subjected to atypical and significant hardship, he nonetheless fails to show that he was denied due process. To be clear, Makanani does *not* allege that he was denied (1) adequate notice of the charges or of the hearing, (2) an impartial hearing body, (3) the right to call witnesses and present evidence (when institutional safety is not at issue), or (4) a written statement of the evidence relied on and the reasons for the actions taken. And, because he admits that he had sex while on a prison furlough, there is some evidence that he violated a prison rule.  Rather, Makanani alleges that KCCC Defendants violated his right to due process when they denied him the assistance of counsel and failed to give him *Miranda* warnings at his misconduct proceedings.

### a.     *No Sixth Amendment Right to Counsel*

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his

defense." U.S. Const. amend. VI.  Prison disciplinary proceedings are not criminal

proceedings, however, and Makanani had no right to counsel.  *See Wolff*, 418 U.S.

at 568-70 ("At this stage of the development of these procedures we are not

prepared to hold that inmates have a right to either retained or appointed counsel

in disciplinary proceedings."); *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

Makanani cannot state a colorable claim for relief regarding the denial of

counsel at prison disciplinary proceedings and this claim is DISMISSED with

prejudice.  *See Cook v. Solorzano*, No. 2:17-cv-2255 JAM DB P, 2019 WL

1367808, at *5 (E.D. Cal. Mar. 26, 2019).

### b.     *Right against Self incrimination*

The Fifth Amendment states that no person "shall be compelled in any

criminal case to be a witness against himself."  U.S. Const. amend. V.  This

privilege "can be asserted in any proceeding, civil or criminal, administrative or

judicial, investigatory or adjudicatory; and it protects against any disclosures

which the witness reasonably believes could be used in a criminal prosecution or

could lead to other evidence that might so be used."  *United States v. Bodwell*, 66

F.3d 1000, 1001 (9th Cir. 1995) (citation omitted).

Again, prison disciplinary proceedings are *not* part of a criminal

prosecution and the Supreme Court "has recognized that lawful conviction and

incarceration necessarily place limitations" on an inmate's exercise of the privilege against self-incrimination. *McKune v. Lile*, 536 U.S. 24, 38 (2002) (citation omitted); *see also Wolff*, 418 U.S. at 556 (stating that "the full panoply of rights due a defendant in such proceedings does not apply" (citation omitted)). Rather, because prison disciplinary proceedings "involve the correctional process and important state interests other than conviction for crime," there is no requirement that *Miranda* warnings be given "to render pretrial statements admissible in other than criminal cases." *Baxter*, 425 U.S. at 315, 319.

Instead, statements made by an inmate or detainee at a disciplinary hearing may not be used against him in a subsequent criminal proceeding absent the benefit of *Miranda* warnings. *See United States v. Redfield*, 402 F.2d 454, 455 (4th Cir. 1968) (per curiam) (finding an inmate's incriminating statement made at a prison disciplinary hearing without the benefit of *Miranda* warnings inadmissible at trial); *see also Mathis v. United States*, 391 U.S. 1, 2–5 (1968) (finding incriminating statements made by a prisoner to an IRS agent during a routine tax investigation inadmissible in a subsequent criminal proceeding because a proper *Miranda* advisement was not given). Thus, "if inmates are compelled in [disciplinary] proceedings to furnish testimonial evidence that might incriminate them in later criminal proceedings, they must be offered 'whatever immunity is

required to supplant the privilege' and may not be required to 'waive such immunity.'" *Baxter*, 425 U.S. at 316 (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 85 (1973)) (other citations omitted).

To the extent that Makanani asserts that KCCC Defendants questioned him during prison disciplinary proceedings without *Miranda* warnings, or used his statements as a basis for finding him guilty of a prison violation, he fails to state a claim and this claim is DISMISSED with prejudice.

## E. *Younger* Abstention

Makanani alleges that Prosecutor Kollar has denied him a fair trial by speaking to the press about Makanani's alleged involvement in the sexual assault before Makanani's arrest for that crime. *See* Supp. to Compl., ECF No. 1-1 at 3. Makanani also suggests that Kollar intends to use Makanani's statements made at the prison misconduct proceedings in his state criminal proceedings, without the benefit of *Miranda* warnings, although this claim is not explicit.

First, these claims lack any supporting details and must be DISMISSED with leave to amend because they fail to state a plausible claim for relief against Prosecutor Kollar.

Second, even if Makanani can allege sufficient facts to state a claim against Kollar, the Court is likely required to abstain from adjudicating them under

*Younger v. Harris*, which held that a federal court is prohibited from enjoining a

state criminal proceeding without a valid showing of "extraordinary

circumstances" warranting federal intervention.  401 U.S. at 43–54.  A federal

court

> must abstain under *Younger* if four requirements are met: (1) a
> state-initiated proceeding is ongoing; (2) the proceeding
> implicates an important state interests; (3) the federal plaintiff is
> not barred from litigating federal constitutional issues in the state
> proceeding; and (4) the federal court action would enjoin the
> proceeding or have the practical effect of doing so, i.e., would
> interfere with the state proceeding in a way that *Younger*
> disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of*

*San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citations omitted).  If *Younger*

applies, the federal court must dismiss claims seeking equitable relief and stay

claims seeking damages pending completion of the state court proceedings.  *See*

*Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).  When

*Younger*'s elements are present, the federal court may exercise jurisdiction only

when state proceedings are conducted in bad faith or extraordinary circumstances

exist.  *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

 *Younger*'s criteria are all present here.  Makanani's state criminal

proceedings are ongoing—indeed, the trial has not yet begun, and no final

judgment has been issued. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (citation omitted)). Hawai'i has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (explaining that the enforcement of state court judgments and orders implicates important state interests); *California v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("[A state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty." (footnote omitted)). Makanani is represented by counsel in the state court, who has the ability to raise constitutional challenges to Makanani's prosecution based on his claims against Kollar. *See Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018). Finally, nothing indicates that Makanani's state criminal proceedings are being conducted in bad faith or that any extraordinary circumstances exist.

Makanani fails to state any colorable claims against Prosecutor Kollar and they are DISMISSED with leave to amend. *If* Makanani is able to allege sufficient facts to state a constitutional claim against Kollar in an amended pleading, he is ORDERED TO SHOW CAUSE why the Court is not required to abstain regarding such claims.

# IV.  LEAVE TO AMEND

Makanani is granted leave to amend his pleadings on or before January 31, 2020, to allege sufficient facts in those claims dismissed without prejudice. Makanani may not expand his claims beyond those already alleged or add new claims, without explaining how any new claims relate to the claims alleged in the original Complaint.  If Makanani opts to amend, he must also SHOW CAUSE why his claims against Prosecutor Kollar are not subject to *Younger* abstention.

The amended pleading must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint must be short and plain, yet it must provide sufficient facts to alert the defendant to its allegations and to formulate a reply.  It must also be submitted on the Court's prisoner civil rights form.

Makanani is also notified that an amended complaint supersedes the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Makanani fails to timely file an amended complaint that cures the deficiencies in

his claims, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[11]

## V. CONCLUSION

(1)  The Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). Claims alleged against KCCC Defendants Warden Neal Wagutsuma, Lieutenant Harry Victarino, Counselor Jerry Jona, and Sergeant Mark Fujiuchi regarding the denial of counsel and failure to provide *Miranda* warnings at his prison misconduct hearing are DISMISSED with prejudice.  All other claims are DISMISSED with leave granted to amend.

(2)  Makanani may file an amended pleading on or before January 31, 2020. Failure to timely file an amended pleading that cures the deficiencies discussed herein may result in dismissal of this action without further notice and result in a strike pursuant to 28 U.S.C. § 1915(g).

(3)  If Makanani amends his claims against County of Kauai Prosecuting Attorney Justin Kollar to allege sufficient facts to state a plausible claim,

---

[11]  28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Makanani shall also SHOW CAUSE why these claims are not subject to *Younger* abstention.

IN THE ALTERNATIVE, in light of the Court's discussion, Makanani may voluntarily dismiss this action in writing on or before January 31, 2020.

(4) The Clerk is DIRECTED to send Makanani a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to file an amended complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 31, 2019.

_____

Jill A. Otake
United States District Judge