IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEPHEN KALIKO MAKANANI, #A3007102, | ) ) ) | CIV. NO. 19-00546 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| NEAL WAGUTSUMA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Pro se Plaintiff Stephen Kaliko Makanani ("Plaintiff") seeks reconsideration of the Court's December 31, 2019 Order Dismissing Complaint with Leave to Amend and Order to Show Cause ("December 31, 2019 Order") [ECF No. 9].[1]

For the following reasons, Plaintiff's Motion for Reconsideration [ECF No. 10] is DENIED.

### I. BACKGROUND

Plaintiff commenced this action on or about October 3, 2019. *See* Compl., ECF No. 1 (signed October 3, received and filed October 7, 2019). He alleged that

---

[1] The Court refers to the pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files system ("CM/ECF").

Defendants[2] violated his constitutional rights during prison administrative proceedings at the Kauai Community Correctional Center ("KCCC"), and when they then initiated criminal charges against him. *See* Compl., ECF No. 1 at 5–7; Suppl. to Compl., ECF No. 1-1 at 2–3.

In Count I Plaintiff alleged that KCCC prison officials Lieutenant Victarino, Warden Wagutsuma, Counselor Jona, and Sergeant Fujiuchi violated his right to due process under the Fifth and Fourteenth Amendments during KCCC disciplinary proceedings, when they coerced him into admitting that he had consensual sex with a woman while he was on KCCC's Lifetime Stand extended work furlough program. *See* Compl., ECF No. 1 at 5. He alleges that their conduct was retaliatory, but he does not explain the basis for this alleged retaliation. *Id.* He says that he was removed from the work furlough program as a disciplinary sanction and "lost . . . [his] family and [ ] reputation." *Id.*

In Count II, Plaintiff alleged that Prosecuting Attorney Kollar and Warden Wagutsuma injured his reputation and discriminated against him as a "Class of 1"

---

[2] Plaintiff names State of Hawai'i Department of Public Safety ("DPS") Director Nolan Espinda; Kauai Community Correctional Center ("KCCC") Warden Neal Wagutsuma, Lieutenant Harry Victarino, Counselor Jerry Jona, and Sergeant Mark Fujiuchi (collectively, "KCCC Defendants"); and County of Kauai Prosecuting Attorney Justin Kollar (occasionally misspelled by Plaintiff as "Kohlar") and County of Kauai Mayor Derek Kawakami.

when: (1) Kollar publicly announced that he would prosecute Plaintiff based on information allegedly uncovered, and Plaintiff's statements made, during the prison disciplinary investigation; and (2) Wagutsuma informed the KCCC Lifetime Stand Program that Plaintiff was found guilty of a prison misconduct violation, which resulted in Plaintiff's removal from the Program's extended work furlough program. *Id.* at 6. Plaintiff claims that this was retaliatory, without support.

In Count III, Plaintiff alleges that Wagutsuma, Victarino, Fujiuchi, Jona, and Kollar conspired to label him a sex offender when they investigated and searched "for evidence of sex assult [sic] to use as a criminal investigation for the prosecutors [sic] office and in house prison write ups." *Id.* at 7. He says this was done outside of their responsibilities and jurisdiction as State employees, and claims this deprived him of his rights "as a [work] fourlough [sic] inmate." *Id.*

In the Supplement to the Complaint, Plaintiff alleges that Defendants violated his "5th Amendment privilege against self-incrimination," and the Eighth, and Fourteenth Amendments. Suppl., ECF No. 1-1 at 1–2. He seeks "'use' immunity." *Id.* at 1. Plaintiff further claims that he was "deprive[d] of my rights to consult with counsel" during "custodial interrogation," in violation of the Sixth Amendment and his right to due process. *Id.* at 3. Although he names Mayor

3

Kawakami and DPS Director Espinda in the Supplement, he alleges no factual allegations connecting them to his claims.

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and found that Plaintiff failed to allege sufficient facts to state any colorable claim for relief against any Defendant. *See* December 31, 2019 Order, ECF No. 9. The December 31, 2019 Order set forth the legal standards governing Plaintiff's claims and notified him that, absent extraordinary circumstances, abstention may be required under *Younger v. Harris*, 401 U.S. 37 (1971) if a decision would effectively enjoin his ongoing state criminal proceedings. Plaintiff was granted leave to amend his claims to state a claim on or before January 31, 2020.

Plaintiff filed the instant Motion for Reconsideration on January 15, 2020. ECF No. 10.

## II. **LEGAL STANDARD**

The Court has the inherent authority to reconsider interlocutory orders at any time prior to final judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment." (citation omitted)). Generally, motions for reconsideration of interlocutory orders are disfavored, and are only "appropriate if the district court (1) is presented with newly discovered evidence,

(2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Local Rule 60.1 for the District of Hawaii allows motions for reconsideration of interlocutory orders to be brought only upon the following grounds:

>   (a)  Discovery of new material facts not previously available;
>   (b)  Intervening change in law; and/or
>   (c)  Manifest error of law or fact.

LR60.1. Motions asserted under subsection (c) of this rule must be filed not more than fourteen days after the Court's written order is filed. *See id.*; *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (discussing the district court's discretion to reconsider a prior order under the Federal Rules of Civil Procedure when there is newly discovered evidence, clear error, or an intervening change in controlling law).

A successful motion for reconsideration must demonstrate a reason why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature that induces the court to reverse its prior decision. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); *Davis v. Abercrombie*, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Haw. June 2, 2014).

Whether to "grant reconsideration is committed to the sound discretion of the court." *White*, 424 F. Supp. 2d at 1274 (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)); *see Gordon v. Sequeira*, CIV. NO. 1:17-cv-00541 DKW-KJM, 2018 WL 1020113, at *1 (D. Haw. Feb. 22, 2018).

### III.  **DISCUSSION**

Plaintiff asserts that the Court made a manifest error in law or fact when it: (1) misunderstood his inmate status as a Lifetime Stand participant; (2) took judicial notice of his pending state criminal proceedings in *State v. Makanani*, 5CPC-19-0000182 (Haw. 5th Cir.), because he now clarifies that he challenges *only* alleged violations relating to the investigation and criminal proceedings in *State v. Makanani*, 5CPC-18-0000332 (Haw. 5th Cir.);[3] (3) prematurely dismissed claims against DPS Director Espinda and Mayor Kawakami; and (4) misunderstood his Eighth Amendment, "class of 1" equal protection, and due process claims.

---

[3] *State v. Makanani*, 5CPC-18-0000332, was dismissed without prejudice on May 7, 2019.  *See* https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow "Case Search" for 5CPC-18-0000332 in "Case ID").  On June 20, 2019, a new grand jury re-indicted Plaintiff on identical charges in 5CPC-19-0000182.  *See id.*

6

A.  **Plaintiff's Inmate Status**

Plaintiff argues that the Court mistakenly assumed that he was a convicted inmate when it quoted KCCC's Lifetime Stand Program statement, which states that the program is for "sentenced inmates." *See* Mot., ECF No. 10 at 2–3; *see also* Order, ECF No. 9 at 5 n.6. Plaintiff says that he was a pretrial detainee in the Lifetime Stand Program originally, but after he was convicted "for a non-violent offense of UCPV," in late 2017, he continued in the program as a convicted inmate and entered its extended work furlough program in March 2018. Mot., ECF No. 10 at 2. Plaintiff argues that he was *not* yet convicted of the sexual assault charges when the prison disciplinary proceedings were conducted.

The Court did *not* assume or hold that Plaintiff was convicted of the charges for which he is awaiting prosecution when he was subjected to prison disciplinary proceedings or indicted for sexual assault. Rather, the Court raised the issue of Plaintiff's status as a pretrial detainee or a convicted inmate only to distinguish between the substantive due process rights that are accorded to pretrial detainees, who are entitled to procedural protections before punishment is imposed, as opposed to those accorded to sentenced inmates, who are entitled to procedural protections only when their sentence may be increased or they are subjected to atypical or significant hardship in relation to the ordinary incidents of prison

7

pursuant to the punishment imposed. *See* Ord., ECF No. 9 at 13–14 (citing *Sandin v. Connor*, 515 U.S. 472, 480, 485–86 (1995)). The Court made no holding on this issue beyond stating that Plaintiff provided insufficient facts to state a due process claim under either standard, and informed Plaintiff that he could "clarify his status in an amended pleading." *Id.* at 13 n.10. Plaintiff's Motion for Reconsideration on this issue is DENIED.[4]

**B.     Abuse of Discretion**

Plaintiff argues that the Court abused its discretion when it took judicial notice of his pending state criminal proceedings in 5CPC-19-0000182, which he now alleges that he is not challenging. *See* Mot., ECF No. 10 at 3–5. Rather, Plaintiff states that his claims relate only to the dismissed indictment in 5CPC-18-0000332. As the Court informed Plaintiff, it has discretion to take notice of any "court filings and other matters of public record" that have a relation to matters at issue in the Complaint. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known

---

[4] It is immaterial to the December 31, 2019 Order's analysis whether Plaintiff was a pretrial detainee or a convicted inmate when he participated in the Lifetime Stand Program. Plaintiff now clarifies that he was a convicted inmate when he was on the extended work furlough program and the proper standard of review for any due process claims regarding prison disciplinary proceedings is that set forth in *Sandin*.

8

within the . . . court's territorial jurisdiction," or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Reyn's Pasta Bella, LLC v. Visa USA*, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). There was no abuse of discretion and no manifest error in law or fact in taking such notice.

Moreover, although Plaintiff did not specify *which* criminal proceedings he challenged in the Complaint, he explicitly sought "'use' immunity" for his allegedly coerced statements made at the allegedly improper prison administrative proceedings. He further claimed he was denied the right to counsel and a fair trial by Prosecuting Attorney Kollar. These allegations clearly suggest that Plaintiff challenged the prison misconduct proceedings and his *ongoing* prosecution in 5CPC-19-0000182, not the indictment that was dismissed in 5CPC-18-0000332.

Plaintiff now says that his "Complaint focuses upon the constitutional violations of his rights as it relates to the criminal investigation under Cr. No. 5CPC-18-0000332, for which the 5th Circuit Judge correctly dismissed the said indictment on virtually every argument that Plaintiff raises in this civil action." Mot., ECF No. 10 at 4. Plaintiff explicitly renounces any challenges to his removal from the Lifetime Stand Program or right to counsel at the prison disciplinary proceedings. *See id*. He seeks "1. Declaratory Judgment that my civil

9

rights was vaiolated [sic]; 2. injunctive relief enjoining defendents [sic] from useing [sic] the authority outside the scope of they [sic] respected duties; and 3. monetary relief in the from [sic] of conpensatory [sic], punitive and nominal damages to be decided by a jury." Compl., ECF No. 1 at 8.

Plaintiff received the declaratory and injunctive relief that he seeks when the state circuit court dismissed the indictment in 5CPC-18-0000332.[5] Plaintiff cannot seek monetary damages for his incarceration from the date that he was indicted in 5CPC-18-0000332 to the date that indictment was dismissed, because he was already serving a sentence pursuant to a previous conviction. And, to the extent Plaintiff seeks monetary relief based on claims that were dismissed without prejudice in 5CPC-18-0000332 and recharged in 5CPC-19-0000182, those claims may be barred from review under the *Younger* abstention doctrine, as discussed in the December 31, 2019 Order.

Plaintiff's request for reconsideration based on judicial notice of his ongoing state prosecution is DENIED.

## C. Dismissal of Claims against Director Espinda and Mayor Kawakami

Plaintiff argues that the Court prematurely dismissed his claims against

---

[5] Plaintiff's separate request for declaratory relief is also "subsumed by his damages action," because any "claim for damages necessarily entails a determination whether the officers' alleged conduct violated his rights." *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

10

Director Espinda and Mayor Kawakami before he could conduct discovery and uncover their personal connection to his allegations. He claims that they are liable, however, under a theory of respondeat superior. Plaintiff is incorrect. As the December 31, 2019 Order informed him, supervisory officials are not liable under § 1983 for the actions of their subordinates "on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted). Plaintiff may attempt to state a claim against Espinda and Kawakami only if he can show their personal connection to his claims. Until then, claims against them remain dismissed and the Motion for Reconsideration regarding these claims is DENIED.

**D.    Dismissal of Eighth Amendment Claims**

Plaintiff asserts the Court misinterpreted his Eighth Amendment claims. He clarifies that he does *not* allege that he was subjected to cruel and unusual punishment in prison based upon the prison misconduct charge or his indictment for sexual assault. *See* Mot., ECF No. 10 at 6–7. Rather, Plaintiff alleges that,when prison officials questioned him about the incidents that occurred while he was on the extended work furlough (consensual sex), and turned that information over to Prosecuting Attorney Kollar, who indicted him in 5CPC-18-0000332, this constituted cruel and unusual punishment in violation of the Eighth

Amendment.

This claim is specious. Plaintiff does not allege that KCCC Defendants acted, for example, with deliberate indifference to his health or safety at any time during or after the interrogation and prison disciplinary proceedings. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He alleges that they told him that he would be transferred to the Halawa Correctional Facility ("Halawa") if he failed to cooperate in the misconduct proceeding. He further alleges that when he admitted to having consensual sex while on the extended work furlough, he was found guilty of a prison misconduct and transferred to Halawa. Although he broadly alleges this subjected him to atypical and significant hardships, he alleges no facts supporting such violation.

Neither the Complaint nor the Motion for Reconsideration support a finding that any Defendant violated Plaintiff's rights under the Eighth Amendment. Plaintiff's Motion for Reconsideration regarding the dismissal of his Eighth Amendment claims is DENIED.

**E.     Dismissal of Equal Protection Claims**

Plaintiff alleges the Court misapplied the law governing his Equal Protection "class of 1" claim. Mot., ECF No. 10 at 8. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the

equal protection of the laws." U.S. Const. amend XIV, § 1. If the acts at issue do not involve a suspect classification, a plaintiff can establish an equal protection "class of one" claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted); *see also Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

The Complaint alleges no facts showing that Wagutsuma treated Plaintiff differently than any other similarly situated inmate who was questioned and disciplined for violating prison rules while on an extended furlough work program. Nor do the facts show that Kollar treated him differently than any other individual who is indicted on suspicion of committing a crime when Kollar allegedly discussed Plaintiff's possible involvement in the alleged sexual assault with the media. Plaintiff's Motion for Reconsideration is DENIED as it relates to his Equal Protection claims.

F.  **Due Process**

Plaintiff asserts the Court misinterpreted his due process claims when it

stated that

> Makanani broadly alleges that KCCC Defendants deprived him of due process under the Fifth,[9] Sixth, and Fourteenth Amendments, when they questioned him during his misconduct proceedings without providing him *Miranda* warnings or the assistance of counsel.
>
> [9] To the extent Plaintiff alleges a due process claim under the Fifth Amendment, that claim fails because Defendants are alleged to be state, not federal, actors. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (holding the Due Process Clause of the Fifth Amendment only applies to actions of the federal government) (citations omitted).

December 31, 2019 Order at 43–44. Plaintiff reiterates that he confines his claims to due process violations as they "relate[] to [Defendants'] actions in Cr. No. 5CPC-18-000332," and seeks reversal of the Court's discussion on his due process claims. Mot., ECF No. 10 at 9. Plaintiff fails to show any manifest error in law or fact regarding his vague due process claims and the Motion for Reconsideration is DENIED on this issue. Plaintiff is notified that he should take heed of the Court's explanation of the requirements for stating a due process violation if he elects to file an amended pleading.

## IV. <u>CONCLUSION</u>

(1) Plaintiff's Motion for Reconsideration is DENIED.

(2) Plaintiff may file an amended pleading on or before March 20, 2020.

Failure to timely file an amended pleading that cures the deficiencies in the original Complaint may result in dismissal of this action without further notice and result in a strike pursuant to 28 U.S.C. § 1915(g).

IN THE ALTERNATIVE, Plaintiff may voluntarily dismiss this action in writing on or before March 20, 2020.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, Feburary 28, 2020.

Jill A. Otake
United States District Judge

*Makanani v. Wagutsuma,* 1:19 cv 00546 JAO RT; Recon '20

15